F I L E D
CLERK OF COURT

2024 AUG -6 PM 4: 11

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | |
| vs. | Case No. CF0488-21<br>GPD Report No: 21-23739/21-28491 |
| **DERREK JOHN MAFNAS SANTOS,**<br>*aka* **Derrek John Santos**<br>DOB: 10/06/1989 | **DECISION AND ORDER**<br>**(Motion In Limine to Exclude Defense**<br>**Expert Testimony)** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino at a Motion Hearing on February 29, 2024, on the People of Guam's (the "People's") Motion in Limine to Exclude Expert Testimony. Joseph McDonald, Esq. appeared for Defendant. Assistant Attorney General Christine Tenorio appeared for the People of Guam ("People'). The Court announced it would take the Motion to Exclude under advisement on the briefings and now issues this Decision and Order **GRANTING** the People's Motion to Exclude.

## BACKGROUND

Defendant was indicted on October 8, 2021 on two counts of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony). The People allege that at some time on or about the period of September 12, 2021 to September 29, 2021, Defendant did intentionally engage in sexual conduct with another on several occasions by touching the primary genital area of **A.C. (DOB: 05/31/2010).** A Superseding Indictment was filed on December 14, 2021 adding a third count of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony). The People

allege that at some time on or about the period of November 1, 2020 to September 30, 2021, Defendant did intentionally engage in sexual conduct with another on several occasions by touching the primary genital area of **D.C (DOB: 11/01/2012)**. On May 24, 2022, Jury Selection and Trial was scheduled on September 21, 2022.

In preparation for trial, Defendant engaged the services of Dr. Carol Tyler for a Confidential Psychosexual Risk Assessment ("psychosexual evaluation"). People's Motion In Limine to Exclude Defense Expert Testimony, November 2, 2023. The 'psychosexual evaluation' was included as Exhibit F in Defendant's Amended Exhibit List, though the date when the evaluation took place was not listed. Defendant's Amended Exhibit List, October 30, 2023. According to Defendant, Dr. Tyler's report diagnosed Defendant as "being aware of conventional knowledge and morality pertaining to sexual boundaries between adults and children and has no cognitive distortions". Defendant's Opposition to the People's Motion In Limine to Exclude Defense Expert Testimony, November 20, 2023.

The People filed this instant Motion to Exclude on November 2, 2023, and Defendant filed his Response to People's Motion to Exclude ("Defendant's Opposition") on November 20, 2023. As a related matter, Defendant also filed a Motion In Limine to Allow Defendant's Expert to Testify by Contemporaneous Transmission on September 6, 2022.

The Court scheduled a motion hearing on the People's Motion In Limine to Exclude Defense Expert Testimony for February 29, 2024. At the hearing, the Court informed the Parties that it would take the matter under advisement.

## DISCUSSION

### A. Admissibility of Expert Testimony on the Absence of Mental Disease Has Not Been Addressed by the Guam Supreme Court

The Guam Supreme Court has not considered the admissibility of evidence of a defendant's lack of proclivity for sexual deviance in a criminal sexual conduct case. However, absent binding precedent in Guam law, the Guam Rules of Evidence ("GRE") are based upon the Federal Rules of Evidence ("FRE") and the many case in federal courts addressing this question are illustrative and read as persuasive authority in Guam[1]. As the Guam Supreme Court stated in *People v. Jesus*: "[t]he Guam Rules of Evidence are essentially identical to its like-numbered counterparts in the Federal Rules of Evidence. Therefore, interpretations of the Federal Rules of Evidence from other jurisdictions are persuasive authority." 2009 Guam 2 ¶ 32 n.8. On evidentiary issues similar to the instant case, *People v. Chinel*, 2013 Guam 24 ¶¶ 22-26 adopted the federal courts' interpretation of FRE 413 when determining the admission, by the prosecution, of a defendant's propensity to commit sexual crimes or for pedophilia under GRE 413.

**B. Defendant's Cited Authority Is Not Persuasive**

Defendant cites *People v. Stoll*, 49 Cal.3d 1136, 1158 (1989), *United States v. Robinson*, 94 F.Supp.2d 751, 754-55 (W.D. La. 2000), and *United States v. John*, 309 F.3d 298, 302 (5th Cir. 2002) for the admissibility of his proffered evidence. However, these cases are distinguishable and not persuasive in their application to the instant question.

*Stoll* applied §1102 of the California Evidence Code, which has no corollary in Guam law and is, in fact, contradictory to it. California explicitly permits evidence "[o]ffered by the

---

[1] The highest appellate courts of some states have addressed this issue and generally found this type of evidence inadmissible. *See e.g. Tungate v. Commonwealth*, 901. S.W. 2d 41 (Ky. 1995) (Stating that in considering the "admissibility of defense-proffered expert testimony on a criminal defendant's propensity for molesting children...[t]he weight of authority in other states and in the federal courts is resoundingly in favor of excluding such evidence."). *See also State v. Hulbert*, 481 N.W. 2d 329 (Iowa 1992); *State v. Friedrich*, 135 Wis.2d 1 (1987); *State v. Tucker*, App., 165 Ariz. 340, 798 P.2d 1349 (1990); *State v. Person*, 20 Conn.App. 115, 564 A.2d 626, 631 (1989).

defendant to prove his conduct in conformity with such character or trait of character" but GRE 404(a) states the opposite proposition and "[e]vidence of a person's character or a trait of character is *not admissible* for the purpose of proving action in conformity therewith on a particular occasion…" (emphasis added).

In *Robinson,* the Court held that expert testimony was allowed to show that defendant did not have a sexual interest in young females because it does not address the ultimate issue to be decided by the trier of fact. *Robinson,* 94 F. Supp. 2d at 754 (W.D. La. 2000). The court reasoned that FRE 704(b) does not preclude an expert from giving a diagnosis of mental illness, but only precludes an expert from giving an opinion as to the effect the defendant's mental illness has on his ability to appreciate wrongdoing. *Id.* at 755. However, the Court in *Robinson* admits that it does not construe Rule 704(b) strictly, in concordance with the 5th Circuit Court's rulings on the same matter. *Id.* Moreover, the ruling in *Robinson* neglects to address the prohibition in FRE 404(a) making inadmissible character evidence seeking to prove that on a particular occasion the person acted in accordance with the character or trait in question.

*John* held that a character instruction should be permitted (and an expert witness opinion on the Defendant's status of being a pedophile admissible) as "a vital part of John's theory of defense". *John,* 309 F.3d at 302 (5th Cir. 2002). The Court reasoned that, without any witnesses or other corroborating evidence supporting the child's accusations, guilt "hinged entirely on credibility". *Id.* However, while the defendant in *John* was charged with a similar crime, the legal issue at hand was whether the judge should have permitted a character instruction to the jury, not solely the admission of expert witness testimony regarding Defendant's character. The defense also presented other character evidence from family

members and social workers that knew the Defendant and could speak to his character. In the present case, Defendant urges admission of his expert's testimony to assist the jury in determining an "absence of sexual deviance". Defendant's Response at 4. This purpose is plainly inadmissible propensity evidence under the general rule of GRE 404(a) as quoted *supra.*

**C. Defendant's Propensity for Sexual Deviance Is Not at Issue**

As required by GRE 413, the People have not disclosed any intention to present evidence from which the jury may consider that Defendant's propensity to commit criminal sexual conduct against minors makes it more probable he committed the offenses charged in the Indictment. Consequently, Defendant's introduction of a diagnosis for non-propensity is not relevant under GRE 401 when the jury is not tasked with determining and weighing his alleged propensity as probative of his commission of the charged offenses.

The Superseding Indictment charges Defendant with specific acts directed towards two individuals over the course of approximately one year. Defendant's proferred evidence does not meet the GRE 401 test of relevance, without some permitted chain of inference that a psychiatric diagnosis, made three years after the offenses charged in the Indictment, makes a fact charged in the Superseding Indictment "more probable or less probable." This "circumstantial evidence" (Defendant's Response at 3 (November 20, 2023)) is explicitly prohibited under GRE 404(a) if the only inference the jury can make is "proving action in conformity therewith on a particular occasion....". Beyond propensity evidence, Defendant has not suggested another logical inference between this evidence and the charges filed by the People.

## D. The Expert Report and Testimony are Inadmissible under GRE 403

A finding that Defendant's evidence is not relevant could change if or when Defendant's propensity to commit the charged offenses is brought into issue, as it would were the People to submit notice of an intent to introduce GRE 413 evidence. However, even then, GRE 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury...." On this issue, and assuming Defendant's evidence is relevant, the risk of confusion of the issues and misleading the jury substantially outweighs its probative value.

The key question for the jury in this matter is the alleged sexual conduct with the minor victims by Defendant during the time period of November 2020-September 2021, and is an issue that is distinctly different from determining if Defendant is "aware of conventional knowledge and morality pertaining to sexual boundaries between adults and children and has no cognitive distortions". Defendant's Response at 5 (November 20, 2023). The two questions are sufficiently removed from and unrelated to each other such that presenting evidence of the latter is "likely to confuse the jury and divert its attention away from the central question in the case." *Pires*, 642 F.3d at 12. Although the age of the alleged Victim and a diagnosis of pedophilia are arguably related, Defendant's propensity to commit the alleged offense has not been raised in any legally cognizable way that would result in anything but prohibited uses of the evidence by the jury, as discussed in Section III.C. *supra*.

The Court is also cautious of the dangers of expert testimony pointed out in *Pires* that since "such testimony can carry with it an unwarranted aura of special reliability and trustworthiness, courts must guard against letting it intrude in areas that jurors, by dint of common experience, are uniquely competent to judge without the aid of experts." *Id.* Although

the jury is instructed not to assign additional weight to the testimony of an expert, there is always a risk "such testimony can carry with it an unwarranted 'aura of special reliability and trustworthiness'." *Id.* (quoting *US v. Fosher*, 590 F2d 381, 383 (1st Cir. 1979)).

In considering the above, the Court finds that introduction of evidence removed from the scope of their charge presents a significant risk of confusing the jury in this matter or would result in impermissible inferences under GRE 404(a). The introduction of this evidence through an expert magnifies these risks such that they would outweigh any probative value for the jury.

Defendant's proffered evidence should not be presented as a matter of right when it is well-settled that the United States Constitution as incorporated by the Organic Act of Guam do not guarantee "an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 US 400, 410 (1988). The exercise of Defendant's fundamental rights "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 US 284, 302 (1973).

## CONCLUSION AND ORDER

For the above reasons, the People's Motion In Limine to Exclude Expert Report and Testimony is **GRANTED**.

SO ORDERED, *nunc pro tunc* to February 29, 2024, this _____ AUG 0 6 2024 _____

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
A.G.
C. McDonald
8/6/24   4:13pm
Date        Time
Antonio
Deputy Clerk, Superior Court of Guam

HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam